NUMBER 13-08-00692-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LESTER J. HUFFMASTER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 On September 14, 2006, appellant, Lester J. Huffmaster, was charged by indictment
with a third offense of driving while intoxicated, a third-degree felony. (1) See Tex. Penal
Code Ann. §§ 49.04 (Vernon 2003), 49.09(b)(2) (Vernon Supp. 2008). Pursuant to a plea
bargain, Huffmaster pleaded guilty to the offense. The trial court accepted the plea
bargain, sentenced Huffmaster to ten years' incarceration in the Institutional Division of the
Texas Department of Criminal Justice, and imposed a $2,000 fine. The sentence was
suspended, and Huffmaster was placed on community supervision for a period of ten
years. 

 On April 18, 2008, the State filed its first amended motion to revoke Huffmaster's
community supervision. In its motion, the State alleged that Huffmaster violated several
provisions of his community supervision, including making terroristic threats, missing his
curfew, drinking alcohol, driving multiple times while intoxicated, failing to pay court costs
and supervisory fees, failing to perform required community supervision hours, and failing
to have a "Deep Lung Breath Analysis Mechanism Device" on his car. The trial court
conducted a hearing on the State's first amended motion to revoke on October 31, 2008. 
At the hearing, Huffmaster, after being admonished, pleaded "true" to the majority of the
allegations contained in the State's motion. (2) 

 The trial court concluded that Huffmaster had violated the terms and conditions of
his community supervision, revoked his community supervision, and reinstated the original
sentence of ten years' confinement with a $2,000 fine. (3) The trial court certified
Huffmaster's right to appeal, and Huffmaster now brings this appeal. We affirm. 

I. Anders Brief


 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Huffmaster's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Though counsel presents six "issues" in his brief, counsel concludes that these "issues"
lack merit and that any appeal in this case would be frivolous. See id. Counsel's brief
meets the requirements of Anders as it presents a professional evaluation demonstrating
why there are no arguable grounds to advance on appeal. See In re Schulman, 252
S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not
specifically advance 'arguable' points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi
2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Huffmaster's appellate counsel has carefully discussed why, under controlling
authority, there are no errors in the trial court's judgment. Counsel has informed this Court
that he has: (1) examined the record and found no arguable grounds to advance on
appeal, (2) served a copy of the brief and counsel's motion to withdraw on Huffmaster, and
(3) informed Huffmaster of his right to review the record and to file a pro se response within
thirty days. (4) See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re
Schulman, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed,
and Huffmaster has not filed a pro se response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 

III. Motion to Withdraw


 In accordance with Anders, Huffmaster's attorney has asked this Court for
permission to withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Huffmaster and to advise Huffmaster of his right to file a
petition for discretionary review. (5) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 


 

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 16th day of July, 2009.
1. The indictment provided that Huffmaster had been twice convicted in Victoria County, Texas, of
operating a motor vehicle while intoxicated on December 3, 1998, and on August 16, 2001. See Tex. Penal
Code Ann. § 49.09(b)(2) (Vernon Supp. 2008) (providing that an offense under section 49.04 of the penal
code becomes a third-degree felony if the offender has been previously convicted two times of, among other
things, operating a motor vehicle while intoxicated).
2. Huffmaster pleaded "not true" to making a terroristic threat, missing his curfew, and driving multiple
times while intoxicated.
3. The punishment range for a third-degree felony is "imprisonment in the institutional division for any
term of not more than 10 years or less than 2 years" and a "fine not to exceed $10,000." Id. § 12.34 (Vernon
2003).
4. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
5. No substitute counsel will be appointed. Should Huffmaster wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.